Deming v. Norton.

---

### Deming v. Norton.

Where one undertakes to pay the debt of another, in case of failure, if the creditor afterwards grants forbearance to the debtor, it exonerates the promise.

The declaration set forth — That one William Warner, of New Canaan, in the state of New York, was indebted to the plaintiff, in the sum of £54 14s. by promissory note: That the plaintiff was about to institute a suit, for the recovery of said debt, when the defendant interposed, and proposed to become surety for the payment thereof, if the plaintiff would not commence his suit; and that the defendant, in consideration of the plaintiff's forbearing to sue said Warner, then entered into an engagement, by him written, and subscribed on the back of said note, in these words: — " I, the subscriber, do obligate myself to pay the within sum of money, if it cannot be recovered of the within named William Warner."— That the plaintiff, some time

after, finding said Warner to be in failing circumstances, commenced his suit upon said note, before the Supreme Court of the state of New York, obtained judgment and execution; but that said Warner had become a bankrupt, and nothing could be obtained.

On the special pleadings, the issue joined, and found by the jury, was — " That after the defendant had entered into the engagement mentioned in the declaration, viz. in July or August, 1783, the plaintiff did receive a horse of said William Warner, on a special agreement and condition, that he should suspend the collection of said note, for the space of two months then next following; and thereby did exonerate the defendant from the payment of the same."

The plaintiff moved in arrest, principally on the ground, that the issue was immaterial.— And,

By the whole Court.    By the terms of the promise, it was incumbent on the plaintiff to use proper and legal endeavors to recover the money of Warner, before the defendant could be liable; — but it appears by the verdict, that the plaintiff, for a valuable consideration, agreed to give further time of payment to Warner, and thereby took the risk of Warner's ability to pay upon himself, which legally exonerated the defendant from his engagement.— Therefore, the issue found by the jury was material, and the only material point in the pleadings.

So judgment was for the defendant.